# UNITED STATES DISTRICT COURT

__EASTERN__ District of __WISCONSIN__

FILED
U.S. DISTRICT COURT EAST. DIST. WISC.
APR - 4 1997
_____ O'CLOCK _____
SOFRON B. NEDILSKY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JERRY WALKER a/k/a Jerry Richmond (Name of Defendant) | Case Number: **96-Cr-4** |
| | __Martin E. Kohler__ Defendant's Attorney |

THE DEFENDANT:

[ ] pleaded guilty to count(s)_____
[X] was found guilty on count(s) __One (1), Two (2), Three - Ten (3-10), and Eleven (11)__ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

**SEE PAGE 2**

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____ and is discharged as to such count(s).
[ ] Count(s)_____(is)(are) dismissed on the motion of the United States.
[X] It is ordered that the defendant shall pay a special assessment of $__550.00__ for count(s) __One (1), Two (2), Three-Ten (3-10) and Eleven (11)__, which shall be due [X] immediately
[ ] as follows: to U.S. Clerk of Court, 517 E. Wisconsin Ave., Room 362, Milwaukee, WI.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ▉▉▉▉▉0893

Defendant's Date of Birth: ▉▉▉▉▉ 1965

Defendant's Mailing Address:
_____
_____

Defendant's Residence Address:
▉▉▉▉▉▉▉▉▉▉
Milwaukee, Wisconsin 53206

April 4, 1997
Date of Imposition of Sentence

_/s/ Rudolph T. Randa_
Signature of Judicial Officer
Rudolph T. Randa
United States District Judge
Name & Title of Judicial Officer

4/4/97
Date

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 & 18 U.S.C. § 2 | Conspiracy to possess with Intent Distribute Cocaine | December 5, 1995 | 1 |
| 21 U.S.C. § 848 | Continuing Criminal Enterprise | December 5, 1995 | 2 |
| 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 | Possession with Intent to Distribute Cocaine | October 21, 1992 | 3 |
| | | February 23, 1993 | 4 |
| | | October 8, 1993 | 5 |
| | | April 19, 1994 | 6 |
| | | July 7, 1994 | 7 |
| | | November 2, 1994 | 8 |
| | | November 2, 1995 | 9 |
| | | November 14, 1995 | 10 |
| 18 U.S.C. § 1956(a)(1)(B)(i) & 2 | Money Laundering | June 13, 1994 | 11 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>**Life Imprisonment as to Counts One (1) and Two (2). 240 months imprisonment as to each of counts Three - Eleven (3-11). All terms to run concurrently for a total term of Life Imprisonment.**</u>

Credit shall be given for time served.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[X] **The defendant is remanded to the custody of the United States Marshal.**

[ ] The defendant shall surrender to the United States Marshal for this district.
- [ ] at _____ a.m./p.m. on _____
- [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
- [ ] before 3 p.m. on _____
- [ ] as notified by the United States Marshal.
- [ ] as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

Defendant: **Jerry Walker**  Judgment--Page 4 of 6
Case Number: **96-Cr-4**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years as to each of Counts One (1) and Two (2). Three (3) years as to each of Counts Three - Eleven (3-11). All terms to run concurrently for a total term of five (5) years Supervised Release.**

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] **The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

[X] **The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release at a rate of no less than $50.00 per month.**

[X] **The defendant shall not possess a firearm or other dangerous weapon.**

[X] Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will serve a term in prison.
[X] The defendant is to cooperate with the IRS and submit all delinquent tax returns and pay all back taxes and interest at the direction of the probation officer.
[X] The defendant is to provide access to all financial information to the probation officer.
[X] The defendant shall not associate with any member, prospect, or associate member of the 2-7 Gang or any gang. The defendant shall have no communication whatsoever with the 2-7 Gang or any gang.
[X] The defendant shall submit to random urinalysis testing as directed by the probation officer.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: **Jerry Walker**  Judgment--Page  5  of  6
Case No: **96-Cr-4**

## FINE

The defendant shall pay a fine of $ **5,000.00**  .

[X] **This amount is the total of the fines imposed on individual counts, as follows:   Count One (1).**

**The defendant shall participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program not to exceed 50% of his earnings. Payments shall apply first to the Special Assessment and thereafter to the Fine until paid in full.**

**The Court determines the defendant does not have the financial ability to pay interest on the fine, the cost of incarceration, community confinement and supervision and waives the interest on the fine, the cost of incarceration, community confinement and supervision in this case.**

[ ] The court has determined that the defendant does not have the ability to pay interest, it is ordered that:

   [ ] The interest requirement is waived.
   [ ] The interest requirement is modified as follows:

   **This fine required shall be paid:**
   [ ] in full immediately.
   [ ] in full not later than _____.
   [ ] in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
   [X] **in installments according to the following schedule of payments:
       as directed by the Probation Officer.**

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

## STATEMENT OF REASONS

[ ] The court adopts the factual findings and guideline application in the presentence report.

OR

[X] The court adopts the factual findings and guideline application in the presentence report except as stated in the sentencing transcript.

**Guideline Range Determined by the Court:**

  Total Offense Level: __**46**__

  Criminal History Category: __**IV**__

  Imprisonment Range: __**LIFE IMPRISONMENT**__

  Supervised Release Range: __**5**__ years as to Count One (1)
  Supervised Release Range: __**3**__ to __**5**__ years as to Count Two (2)
  Supervised Release Range: __**3**__ years as to Counts Three to Ten (3-10)
  Supervised Release Range: __**2**__ to __**3**__ years at to Count Eleven (11)

  Fine Range: $__**25,000.00**__ to $__**14,500,000.00**__

   [X] **Fine is below the guideline range, because of the defendant's inability to pay.**

  Restitution: $ _____

   [ ] Full restitution is not ordered for the following reason(s)

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

   [ ] upon motion of the government, as a result of defendant's substantial assistance.
   [ ] for the following reasons: