UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                     Case No. 96-CR-4

JERRY WALKER,

        Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO REDUCE SENTENCE PURSUANT TO AMENDMENT 782

        The United States of America, by and through its attorneys, Gregory J. Haanstad, Acting United States Attorney, and Lisa Wesley, Assistant United States Attorney, hereby request the defendant's motion to reduce sentence pursuant to Amendment 782 be denied.

        1.     Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by 2 levels. The vehicle for implementing the sentence reductions afforded by the amendment is found at 18 U.S.C. § 3582(c).

        2.     Title 18, United States Code, Section 3582(c) allows the Court to reduce a defendant's previously imposed sentence where "a defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2)

the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court does not have authority to consider the reduction request under Section 3582.

3. Walker filed a pro-se motion for a reduction of sentence under the above amendment. The Federal Defender has reviewed, but declined to file anything in this matter. The United States now respectfully requests the motion to reduce sentence be denied because Walker's guideline range remains unchanged.

4. On November 14, 1996, Walker was convicted on all counts in an eleven-count superseding indictment after a jury trial. Walker's convictions consisted of the following: Count One, Conspiracy to Distribute Cocaine; Count Two, Continuing Criminal Enterprise; Counts Three through Ten, Possession with Intent to Distribute Cocaine; and Count Eleven, Money Laundering. Walker faced a mandatory minimum sentence of 10 years to life on the conspiracy count, 20 years to life on the continuing criminal enterprise count, and 20 years imprisonment on the remaining counts.

5. At sentencing on April 4, 1997, the court found that the relevant conduct attributable to the conspiracy was more than 150 kilograms of cocaine. As such, the resulting base offense level under USSG § 2D1.1 was 38.[1] With a 2-level increase for a gun, a 4-level increase for role, and 2-level increase for obstruction, the total offense level on the conspiracy count was 46. Under USSG § 2D1.5, the total offense level was also 46 on the Continuing Criminal Enterprise count.[2] Pursuant to the Grouping rules found at USSG

---

[1] In all, the PSR reflected that Walker was responsible for 300 to 400 kilograms of cocaine. PSR¶68. A finding that the conspiracy involved more than 150 kilograms of cocaine, however, was all that was required to trigger the highest base offense level of 38 under the 1995 Guidelines.

[2] Walker was convicted under 21 USC § 848(a) on the CCE count, and his guideline sentence was determined pursuant to USSG § 2D1.5. See PSR¶ 74, 159. USSG § 2D1.5 provides the base offense level on a CCE conviction is the greater of: (1) 4 plus the offense level from 2D1.1 applicable to the underlying offense; or (2) 38. USSG § 2D1.5. Adjustments for Role under Chapter Three of the Guidelines are inapplicable to CCE counts of conviction because the offense level already reflects an adjustment for role in the offense. USSG § 2D1.5,

2

§ 3D1.3(a), the combined offense level for all the counts was determined by taking the highest offense level applicable to the counts in the group. PSR¶87. In this case, level 46 was the highest offense level. As such, with a total offense level of 46, and criminal history category IV, Walker's applicable guideline range was determined by the Court to be Life imprisonment. Statement of Reasons. Walker was sentenced to Life imprisonment on the drug conspiracy and the CCE count. On the remaining drug and money laundering counts, Walker was sentenced to the maximum sentence of 240 months imprisonment on each count. All the sentences were run concurrent to one another.

6. Amendment 782 reduces Walker's 2D1.1 base offense level from 38 to 36. However, Walker's guideline sentencing range is unaffected by the reduction. The chart below illustrates Walker's guideline construct at the original sentencing, and compares it to his guidelines calculated today on both the conspiracy count and the CCE count.

|  | **Original sentencing 2D1.1(c) Conspiracy** | **2015 Guidelines 2D1.1(c) Conspiracy** | **2015 Guidelines 2D1.5 CCE** |
|---|---|---|---|
| **Base Offense Level 2D1.1(c)** More than 150 kilograms of cocaine | 38 | 36 | 40 (4+36) |
| **Gun** | 2 | 2 | 2 |
| **Role** | 4 | 4 | N/A |
| **Obstruction** | 2 | 2 | 2 |
| **Total Offense Level** | 46 | 44 | 44 |
| **Criminal History Category** | IV | IV | IV |
| **Range** | Life | Life | Life |

comment.(backg'd).

3

7. As demonstrated above, the first criterion for a reduction has not been met since Walker's guideline range is not lowered as a result of Amendment 782. Even with a two level decrease in his base offense level under § 2D1.1(c), Walker's amended guideline range remains life imprisonment.

8. Furthermore, Walker's argument that the starting point for a reduction under Section 3582 should be a total offense level of 43 pursuant USSG 5A, comment, n.2, is entirely misplaced. In relevant part, USSG 5A, comment, n.2 provides that "[a]n offense level of more than 43 is to be treated as an offense level 43." USSG 5A, comment, n.2. In other words, Walker argues his original base offense level is 43, not 46. Therefore, with a two level reduction, his total offense level under the 2015 Guidelines should be reduced from 43 to 41. However, the Seventh Circuit squarely rejected this approach under similar facts, and held that application note 2 under USSG 5A "merely explained how to use the sentencing table *after* an offense level is calculated *not* how to calculate the offense level in the first place." *United States v. Williams*, 380 Fed.Appx. 527, 529 (7th Cir. 2010); *See United States v. Caceda*, 990F.2d 707-709 (2d Cir. 1993)(holding that reduction must be made from the total offense level even if it exceeds 43). In light of *Williams*, Walker's total offense level is properly reduced from 46 to 44. Such a reduction, however, still results in an amended sentencing range of life imprisonment. Since Walker's guideline range is not reduced by the Amendment, he is plainly ineligible for a reduction. A court is not authorized under 18 U.S.C. § 3582(c) to modify the term of imprisonment imposed "… if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range …" USSG § 1B1.10 app. note 1(A).

9. Accordingly, the United States requests Walker's motion to reduce sentence under Amendment 782 be denied.

4

Case 2:96-cr-00004-JPS   Filed 11/17/15   Page 4 of 5   Document 570

Dated at Milwaukee, Wisconsin, this 17th day of November, 2015.

>Respectfully submitted,
>
>GREGORY J. HAANSTAD
>Acting United States Attorney

By:

>s/LISA WESLEY
>Assistant United States Attorney
>Lisa A. Wesley Bar Number: 1023783
>Attorney for Plaintiff
>Office of the United States Attorney
>Eastern District of Wisconsin
>517 East Wisconsin Avenue, Room 530
>Milwaukee, Wisconsin 53202
>Telephone: (414) 297-1746
>Fax: (414) 297-1738
>E-Mail: lisa.wesley@usdoj.gov

cc: Jerry Walker #04582-089
    Federal Correctional Institution
    FCI Pekin
    P.O. BOX 5000
    Pekin, IL 61555