# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>JERRY WALKER,<br><br>                      Defendant. | Case No. 96-CR-04-1-JPS<br><br>**ORDER** |

      This criminal prosecution was assigned to the late Judge Rudolph T. Randa back in 1996, when the indictment was filed. It was not reassigned to this branch of the Court until twenty-one years later, in May 2017. The reassignment came in light of a letter from Defendant, requesting that the remainder of the fine imposed in his case be vacated. (Docket #588). As reasons therefor, Defendant cited his life sentence, consistent payments, and rehabilitative efforts. *Id.* In consultation with the U.S. Probation Department and the government, the Court concluded that it had no authority to grant Defendant the relief he requested. (Docket #589). Admittedly, the Court did not otherwise engage in a detailed review of the decades-old docket, wherein most of the relevant documents are not available in electronic format.

      The Court heard nothing further on this case until the evening of August 28, 2017. At that time, it received notice from the Court of Appeals that Defendant had filed a petition for a writ of mandamus against the Court. Defendant's petition states that in 1998, the Court of Appeals vacated Count One of his sentence, but when the mandate issued and the case returned to the district court, nothing was done to memorialize this fact; no

amended judgment was issued to reflect the Court of Appeals' order. Defendant's petition seeks an amended judgment which eliminates the conviction and sentence for Count One in its entirety. In particular, the fine Defendant complained of in his May 2017 letter was imposed only as to Count One, meaning that it should have been vacated long ago and no funds should have been collected towards the payment thereof. On September 27, 2017, Defendant filed a motion with this Court requesting the same relief. (Docket #590).

The Court will now grant Defendant's motion and act to correct this long-standing error.[1] It will issue an amendment to the judgment and commitment order of April 4, 1997, (Docket #322), reflecting the dismissal of Count One by the Court of Appeals on October 19, 1998, (Docket #412). *See* 18 U.S.C. § 3572(c)(3). This amended judgment shall be *nunc pro tunc* to October 19, 1998. The Court will further order that the Clerk of the Court refund to Defendant any amounts which were collected pursuant to his financial obligations under the Count One sentence, namely his special assessment and fine. The Court also notes that no additional funds are required to be paid by Defendant as to Count One's sentence, so that if any are received in the interim between the date of the amended judgment and

---

[1]Blame for this oversight cannot be laid entirely at the district court's feet. The Court of Appeals' order did not remand the case for resentencing, but instead merely vacated the sentence imposed as to Count One. (Docket #412). This action did not comport with the Court of Appeals' duty upon disposition of the appeal. *see* 18 U.S.C. § 3742(f)(1) ("If the court of appeals determines that--(1) the sentence was imposed in violation of law . . ., the court *shall* remand the case for further sentencing proceedings with such instructions as the court considers appropriate[.]") (emphasis added). Had the statute been followed, Judge Randa could have simply re-imposed the fine as to the remaining counts. At this late stage, however, the Court finds it more appropriate to eliminate the fine entirely.

the issuance of the refund check (a period that may comprise some days or weeks), those funds will likewise be returned.

Accordingly,

**IT IS ORDERED** that Defendant's motion to amend the judgment (Docket #590) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that an amendment to Defendant's judgment and commitment order (Docket #322) shall issue in accordance with the terms of this Order; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remit payment to Defendant all amounts he has paid toward the financial obligations imposed as to the offense of conviction in Count One as a refund of those improperly collected amounts.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge