## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 96-cr-04** |
| **v.** | ) | **Judge J.P. Stadtmueller** |
| | ) | |
| **JERRY WALKER** | ) | |
| **Defendant.** | ) | |

## JERRY WALKER'S NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF HIS MOTION TO REDUCE HIS LIFE SENTENCE
## PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

Defendant JERRY WALKER, by his attorneys CALYSSA ZELLARS and
MIANGEL CODY, files this supplemental brief to apprise the Court of recent briefing in
*United States v. Saldana,* Nos. 20-14490-HH and 21-10634-HH (11th Cir. 2021) in support of
his pending motion pursuant to Section 404 of the First Step Act. We state as follows:

1. Undersigned counsel filed a motion for relief under Section 404 of the First Step Act
   on November 18, 2020. ECF No. 621. On December 15, 2020, undersigned counsel
   filed an emergency motion under Section 603 of the First Step Act requesting Mr.
   Walker's compassionate release due to his positive COVID-19 diagnosis. ECF No.
   625. The matter is fully briefed.

2. In opposition to Mr. Walker's request for 404 relief, the government argues that
   "Walker was only convicted of offenses only involving cocaine." ECF No. 626 at p. 1.
   However, the government did not charge any specific drug in Count 2, Mr. Walker's
   CCE offense. Count 2 of the superseding indictment merely states that Mr. Walker

1

"violated Title 21, United States Code, Sections 841(a)(1) and 846" and that Mr. Walker's CCE offense was "including but not limited to the violations alleged in Counts 1, 3, 4, 5, 6, 8, 9 and 10". Sup. Indict. at ECF 535. Count 1 charged Mr. Walker "with intent to distribute in excess of 500 grams of cocaine." Sup. Indict. at ECF 535. As a result, the government argues that Mr. Walker is ineligible for First Step Act relief because "cocaine" in the superseding indictment only refers to powder cocaine. This is an erroneous and unsupported post-conviction finding. Mr. Walker's CCE offense involved both crack *and* powder cocaine. *See* ECF No. 632 at p. 11. And a continuing criminal enterprise involving a multi-substance conspiracy is First Step Act eligible. *See* ECF No. 632 at pp. 11-14; ECF No. 640 at pp. 2-4.

3. Mr. Walker tenders the following supplemental information demonstrating that the use of the umbrella term "cocaine" does not categorically exempt a defendant from First Step Act eligibility. In First Step Act cases, the government appears to now concede that the phraseology, "a detectable amount of cocaine" in pre-*Apprendi* cases includes cocaine base ("crack cocaine") *and* powder cocaine. *See United States v. Saldana,* Nos. 20-14490-HH and 21-10634-HH (11th Cir. 2021). In *Saldana,* the defendant was charged with possession "with the intent to distribute, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine." *United States v. Saldana,* No. 1:95-cr-00605-PAS, ECF No. 185 (S.D. Fla 1996). On appeal of Saldana's First Step Act denial under section 404, the government conceded in briefing that the charged drug conspiracy language, "a detectable amount of cocaine," was First Step Act eligible. *United States v. Saldana,* No.

1:95-cr-00605-PAS, ECF No. 185 (S.D. Fla 1996). For this reason, the government said that "the district court's order denying Saldana's § 404 First Step Act motion should be vacated and this case remanded for further consideration of Saldana's motion." *United States v. Saldana,* Nos. 20-14490-HH and 21-10634-HH, Appellee Br. at p. 28 (11th Cir. 2021). The government stated on appeal:

> Because Saldana was indicted and convicted in 1996, several years prior to the Supreme Court's *Apprendi* decision, the indictment alleged that each of Saldana's drug counts involved a "detectable amount of cocaine" (DE:185). In accordance with the law at the time, neither the specific amount nor the specific type of cocaine (*i.e.*, cocaine base or "crack") for which he was responsible was alleged in the indictment or submitted for finding by the jury.

*Id.* at 19.

Mr. Walker was also indicted in 1996, prior to *Apprendi*. Sup. Indict. at ECF 535. And "in accordance with the law at the time," the type of cocaine was not specified in Mr. Walker's indictment. Consequently, the use of the umbrella term "cocaine" in Mr. Walker's indictment does not automatically render Mr. Walker ineligible for First Step Act relief.

4. Here, the government has not provided any compelling response as to why Defendant Jerry Walker is not entitled to relief under Section 404(b) of the First Step Act. In opposition, the government simply responds that Mr. Walker's "offenses of conviction did not involve crack cocaine." ECF No. 626 at pp. 1-2. However, Mr. Walker's offense did involve crack cocaine. His offense also involved powder cocaine. And the government has conceded that the failure to charge a specific type or amount of cocaine does not categorically exempt a defendant from First Step Act eligibility. The government has failed to explain why it conceded that the *Saldana*

defendant's offense of conviction involving a "detectable amount of cocaine" is First Step Act eligible, while Mr. Walker's offense of conviction involving "cocaine" is not. We bring the Court's attention to this concession by the government, a copy which is attached as Exhibit A, as it bears directly on the Court's authority to grant the relief sought by the Section 404 portion of our pending motion.

Respectfully submitted,


/s/ Calyssa Zellars
CALYSSA ZELLARS
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605


/s/ MiAngel Cody
MIANGEL CODY
TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605

*Counsel for Jerry Walker*

## CERTIFICATE OF SERVICE

The undersigned, Calyssa Zellars, an attorney with The Decarceration Collective hereby certifies that on September 8, 2021 I electronically filed the following with the Clerk of the Court using the CM/ECF system:

**JERRY WALKER'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF HIS MOTION TO REDUCE HIS LIFE SENTENCE
PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

/s/ Calyssa Zellars
CALYSSA ZELLARS

TDC LAW OFFICE
1325 S. Wabash Ave. Suite 305
Chicago, IL 60605

*Counsel for Jerry Walker*

# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NOs. **20-14490-HH & 21-10634-HH**

United States of America,

Appellee,

- versus -

Francisco Saldana,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

BRIEF FOR THE UNITED STATES

Juan Antonio Gonzalez
Acting United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9383

Emily M. Smachetti
Chief, Appellate Division

Andrea G. Hoffman
Assistant United States Attorney

Jonathan D. Colan
Assistant United States Attorney
Of Counsel

**United States v. Francisco Saldana, Case Nos. 20-14490-HH & 21-10634-HH**

**Certificate of Interested Persons**

In compliance with Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1 and 28-1, the undersigned certifies that the list set forth below is a complete list of the persons and entities previously included in the CIP included in the appellant's initial brief, and also includes additional persons and entities (designated in bold face) who have an interest in the outcome of this case and were omitted from the appellant's CIP.

Acosta, R. Alexander

Bandstra, Hon. Ted E.

Bharathi, Sowmya

Brown, Hon. Stephen T.

Burke, Penny M.

Camacho, Andy

Canton, Donald

Carroll, Linda Louise

Caruso, Michael

Chen, Vanessa

Coffey, Kendall B.

Cohn, Lee Arman

**United States v. Francisco Saldana, Case Nos. 20-14490-HH & 21-10634-HH**

**Certificate of Interested Persons (Continued)**

**Colan, Jonathan D.**

Dimitrouleas, Hon. William P.

Dopico, Hector

Dreispul, Tracy

Fajardo Orshan, Ariana

Fallon, Kieran Patrick

Ferguson, Jr., Hon. Wilkie D.

Ferrer, Wifredo A.

Fine, Gary, Robert

Finlay, III, Robert Conway

Forman, Daniel Hilton

Fritz, Allyson

Galanter, Yale Lance

Garber, Hon. Barry L.

Gelb, Monroe

**Gonzalez, Juan Antonio**

Greenberg, Benjamin G.

Harris, Ayana N.

**United States v. Francisco Saldana, Case Nos. 20-14490-HH & 21-10634-HH**

**Certificate of Interested Persons (Continued)**

Harris, Steven J.

Haywood, Quamil Dremmon

Hirsch, Lisa

Hoffman, Andrea G.

Horowitz, Philip Robert

Howes, John Robert

Jimenez, Aimee C.

Jiménez, Marcos Daniel

Johnson, Hon. Linnea R.

**Jordan, Hon. Adalberto**

Jordan, Sylvester

Keefer, William A.

Knight, Frederick

Krasnoff, Lauren Field

Lenard, Hon. Joan A.

Lewis, Guy A.

Marcus, Hon. Stanley

Martin, Susan Wilk

**United States v. Francisco Saldana, Case Nos. 20-14490-HH & 21-10634-HH**

**Certificate of Interested Persons (Continued)**

Matzkin, Daniel

Meadows, Jr., William

Mendez, Hon. Marisa Tinkler

Mesnekoff, Faith

Middlebrooks, Hon. Donald M.

Moore, Hon. K. Michael

Morejon, Jesus

Moreno, Hon. Federico A.

Nesbitt, Hon. Lenore C.

O'Sullivan, Hon. John J.

Otazo-Reyes, Hon. Alicia M.

Palermo, Hon. Peter R.

Perez, Emmanuel

Perwin, Amanda

Prebish, Gregory Alan

Rashkind, Paul Michael

Rivero, Laura Thomas

Rodriguez-Schack, Yvonne

**United States v. Francisco Saldana, Case Nos. 20-14490-HH & 21-10634-HH**

**Certificate of Interested Persons (Continued)**

Rosenbaum, Richard L.

Saldana, Francisco

Saldana, Jose Manuel

Scales, Andre

Scott, Hon. Thomas E.

Seitz, Hon. Patricia A.

Simonton, Hon. Andrea M.

Sloman, Jeffrey H.

Smachetti, Emily M.

Sorrentino, Hon. Charlene H.

Spivack, Michael David

Tamen, Frank

Thakur, Michael

Tolbert, Rufus

Turnoff, Hon. William C.

Ungaro, Hon. Ursula

Velez, David

White, Hon. Patrick A.

**United States v. Francisco Saldana, Case Nos. 20-14490-HH & 21-10634-HH**

**Certificate of Interested Persons (Continued)**

Williams, Hon. Kathleen M.

Wood, Cynthia R.

Zelman, Michael

Zloch, Hon. William J.

s/ Jonathan D. Colan
Jonathan D. Colan
Assistant United States Attorney

c 6 of 6

## Statement Regarding Oral Argument

The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

# Table of Contents

**Page:**

Certificate of Interested Persons ........................................................... c-1

Statement Regarding Oral Argument ....................................................... i

Table of Contents ............................................................................... ii

Table of Citations ............................................................................... iv

Statement of Jurisdiction ...................................................................... vi

Statement of the Issue ......................................................................... 1

Statement of the Case:

    1.    Course of Proceedings and Disposition in the Court Below ............ 1

    2.    Statement of the Facts ...................................................... 5

    3.    Standard of Review .......................................................... 8

Summary of the Argument ................................................................... 8

# Table of Contents

## (Continued)

**Page:**

Argument and Citations of Authority:

      Saldana is Not Already Serving the Lowest Statutory

      Sentence Triggered by His Covered Crack Offenses, and

      Remand is Necessary to Allow the District Court to Consider

      Whether to Reduce His Crack-Related Sentences in Consideration

      of the Relevant Sentencing Factors. ........................................................... 10

Conclusion ........................................................................................................ 15

Certificate of Compliance ............................................................................... 16

Certificate of Service ...................................................................................... 16

## Table of Citations

**Cases:**                                                                                   **Page:**

*Apprendi v. New Jersey,*

   530 U.S. 466 (2000) ................................................................... 2, *passim*

*Terry v. United States,*

   141 S. Ct. 1858 (2021) ..............................................................10

*\*United States v. Denson,*

   963 F.3d 1080 (11th Cir. 2020).................................................4, 11

*United States v. Duncan,*

   400 F.3d 1297 (11th Cir. 2005)..................................................12

*United States v. Jackson,*

   995 F.3d 1308 (11th Cir. 2021)..................................................13

*\*United States v. Jones,*

   962 F.3d 1290 (11th Cir. 2020)............................................. 3, *passim*

*United States v. Mazzini,*

   487 F. Supp. 3d 1170 (D.N.M. 2020) ....................................11

*United States v. Stevens,*

   997 F.3d 1307 (11th Cir. 2021)..................................................14

*United States v. Taylor,*

   982 F.3d 1295 (11th Cir. 2020)..................................................14

iv

## Table of Citations

### (Continued)

**Cases:**                                                              **Page:**

*United States v. Velez, et al.*,

  234 F.3d 709 (11th Cir. 2000)..............................................................3, 13


**Statutes & Other Authorities:**                                       **Page:**

18 U.S.C. § 922 ........................................................................ 1, *passim*

18 U.S.C. § 924 ........................................................................ 1, *passim*

18 U.S.C. § 3553 .................................................................................14

18 U.S.C. § 3231 ................................................................................ vi

21 U.S.C. § 841 ........................................................................ 1, *passim*

21 U.S.C. § 848 ........................................................................ 1, *passim*

28 U.S.C. § 1291 ................................................................................ vi

Fed. R. App. P. 4 ................................................................................ vi

Fed. R. App. P. 26.1 .................................................................... c 1 of 5

Fed. R. App. P. 32 ..............................................................................16

Fair Sentencing Act of 2010, §§ 2 &3, Pub. L. No. 111-220, 124 Stat. 2372.....4, 10

First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194.......... vi, *passim*

## Statement of Jurisdiction

This is an appeal from a final decision of the United States District Court for the Southern District of Florida in a criminal case in which the district court denied Appellant Francisco Saldana's motion to modify his sentence pursuant to the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194. The district court entered its order denying Saldana's motion on November 25, 2020 (DE:1349) and denying Saldana's pro se motion for reconsideration on February 12, 2021 (DE:1384). The district court had jurisdiction to resolve Saldana's motion to modify his sentence pursuant to 18 U.S.C. §§ 3231 and 3582(c)(1)(B) and the First Step Act, § 404, Pub. L. No. 115-391, 132 Stat. 5194. Saldana filed timely notices of appeal on November 30, 2020 (DE:1353) and February 26, 2021 (DE:1388), respectively; *see* Fed. R. App. P. 4(b)(1)(B). On March 11, 2021, this Court granted Saldana's motion to consolidate his two appeals in Case Nos. 20-14490 and 21-10634. This Court has jurisdiction over this consolidated appeal pursuant to 28 U.S.C. § 1291.

## Statement of the Issue

Where Saldana is not already serving the lowest available term for his covered crack offenses, whether a remand is required to allow the district court to consider whether to exercise its discretion to reduce Saldana's sentence.

## Statement of the Case

## 1.  Course of Proceedings and Disposition in the Court Below

In 1996, Appellant Francisco Saldana was convicted of multiple drug and gun counts regarding his role as one of the leaders of a violent, crack-distribution organization. Saldana was convicted of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 12, 13, 15, 18); use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 7, 19); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 5, 20); and engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 21) (DE:185; DE:360).

Saldana's original sentence was calculated on the basis of evidence submitted at trial showing that Saldana's organization "trafficked in approximately two to five kilograms of crack cocaine on a weekly basis" (PSI ¶ 15) from approximately 1988 through 1996 (PSI ¶ 13). The district court found "sufficient evidence" that the

amount of crack involved in Saldana's offenses was "over 1.5 kilograms" (DE:569:17; *see also id.* at 52; PSI ¶ 46).

Saldana's sentences for his conspiracy and substantive crack offenses in Counts 1, 4, 12, and 15 were calculated in accordance with the enhanced, statutory mandatory life imprisonment terms pursuant to 21 U.S.C. § 841(b)(1)(A), § 846, and § 851 (PSI ¶ 109). Saldana's sentences for his substantive crack offenses in Counts 13 and 18 were calculated in accordance with the enhanced, statutory mandatory imprisonment ranges of ten years to life pursuant to 21 U.S.C. § 841(b)(1)(B) and § 851 (*id.*). His sentence for engaging in a continuing criminal enterprise was calculated in accordance with a statutory mandatory imprisonment range of twenty years to life pursuant to 21 U.S.C. § 848 (*id.*). Saldana's Count 7 § 924(c) firearm offense carried a mandatory five-year imprisonment term, and his Count 19 § 924(c) firearm offense carried a mandatory ten-year imprisonment term (PSI ¶ 110). His § 922(g) offenses in Counts 5 and 20 carried ten-year statutory maximum terms (PSI ¶ 111). Saldana was ultimately sentenced to a life term in prison (DE:473).

While Saldana's and his co-defendants' direct appeals were pending, the Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holding that any fact that increases a defendant's mandatory minimum penalty must be charged in an indictment and proven beyond a reasonable doubt. In supplemental briefing, the government conceded that *Apprendi* applied to their cases pending on

2

direct appeal, but it argued that any errors in calculating their statutory penalties for their drug counts charging only "detectable amounts" were not plainly erroneous. *See* Supplemental Brief for the United States, 2000 WL 34015721, at \*5-6 (Sept. 25, 2000). This Court affirmed Saldana's and his co-defendants' convictions and sentences (DE:660). *See United States v. Velez et al.*, 234 F.3d 709 (11th Cir. 2000) (table).

After filing various unsuccessful collateral challenges and requests to reduce his sentence over the years, Saldana filed a motion pursuant to § 404 of the First Step Act asking for plenary resentencing (DE:1269). The government opposed Saldana's motion on the dual grounds that he did not qualify to be considered for a reduction under § 404 (DE:1271:5) and that even if he did "the Court should exercise the plenary discretion afforded by the First Step Act and not reduce the defendant's sentence under that Act" (*id.* at 8). Saldana replied to the government's pleading in support of his motion (DE:1274).

After this Court issued its decision in *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020), the district court denied Saldana's § 404 motion, ruling that though it was undisputed that Saldana was sentenced for covered offenses, in calculating Saldana's modified statutory ranges it was "bound by [the] determination" that Saldana "was responsible for at least 1.5 kilograms of crack in connection with his convictions" (DE:1349:5-6). Citing *Jones's* holding that "[i]f

3

the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence," and this Court's holdings in both *Jones* and *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020), that § 404 authorized it to consider only the modifications to the crack penalties in § 2 and § 3 of the Fair Sentencing Act of 2010, the district court ruled that "Saldana's sentence cannot be reduced" (DE:1349:6-7).

Saldana filed a notice of appeal from that order (DE:1353), which was assigned Circuit Court Case No. 20-14490.

Saldana subsequently filed a pro se motion for reconsideration of the district court's order (DE:1372). The government moved to dismiss the motion on the grounds that the district court lacked jurisdiction to consider the merits of Saldana's motion for reconsideration as the order denying § 404 relief was already the subject of a pending appeal (DE:1380). The district court granted the government's motion to dismiss Saldana's motion for reconsideration (DE:1384).

Saldana filed a counseled notice of appeal from the order dismissing his reconsideration motion (DE:1388), and that appeal was assigned Circuit Court Case No. 21-10634.

This Court subsequently consolidated the two appeals in Case Nos. 20-14490 and 21-10634.[1] The government responds generally to Saldana's claim for relief and agrees that the district court has authority to reduce Saldana's crack count sentences and that a remand is required to allow the district court to consider in the first instance whether any reduction is warranted in light of the nature and circumstances of Saldana's offenses and other appropriate sentencing factors.

2.     **Statement of the Facts**

The facts relevant to Saldana's appeal concern the imposition of his original sentence for his convictions for conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 12, 13, 15, 18); use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 7, 19); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 5, 20); and engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 21) (DE:185; DE:360).

---

[1] Saldana also has two other appeals pending regarding denials of his motions for compassionate release. Those two appeals, Case Nos. 20-14632 and 21-12208, have been consolidated to be considered together by this Court, but they have not been consolidated with these two appeals addressing Saldana's requested § 404 relief.

5

Because Saldana was indicted and convicted in 1996, several years prior to the Supreme Court's *Apprendi* decision, the indictment alleged that each of Saldana's drug counts involved a "detectable amount of cocaine" (DE:185). In accordance with the law at the time, neither the specific amount nor the specific type of cocaine (*i.e.*, cocaine base or "crack") for which he was responsible was alleged in the indictment or submitted for finding by the jury.

During sentencing proceedings, however, the Probation Office (using the 1995 Sentencing Guidelines Manual) grouped each of Saldana's offenses, except the two § 922(g)(1) felon-in-possession counts, pursuant to USSG § 2D1.5 and § 3D1.2, and assigned the group a base offense level of 38, because the evidence at trial showed that he was responsible for at least 1.5 kilograms of crack and because of the additional four points assigned for the continuing criminal enterprise, pursuant to USSG §§ 2D1.1(a)(3) and (c)(3) and § 2D1.5(a)(a) (PSI ¶¶ 42-46). This resulted in a crack-amount-dependent base offense level of 42 (PSI ¶ 46). No further adjustments were made to his offense level, resulting in Saldana's total offense level of 43 (PSI ¶ 54).

With a total of eight criminal history points for his prior convictions, Saldana's total offense level of 42 and criminal history category of IV (PSI ¶¶ 63-65) yielded a guideline imprisonment range of 360 months to life (PSI ¶ 112).

6

However, Saldana faced statutory, enhanced mandatory terms of life imprisonment as to each crack offense in Counts 1, 4, 12, and 15, pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851 (PSI ¶ 109). Count 13's and Count 18's crack offenses triggered enhanced statutory terms of ten years to life, pursuant to § 841(b)(1)(B) and § 851 (*id.*). Count 21's CCE offense triggered a statutory range of twenty years' imprisonment to life, pursuant to 21 U.S.C. § 848 (*id.*). Saldana's Count 7 § 924(c) firearm offense carried a mandatory five-year imprisonment term, and his Count 19 § 924(c) firearm offense carried a mandatory ten-year imprisonment term, to run consecutively to other terms imposed (PSI ¶ 110). His § 922(g) offenses in Counts 5 and 20 carried ten-year statutory maximum terms (PSI ¶ 111).

Because he faced statutory, mandatory life imprisonment terms, Saldana's guideline imprisonment term became a life term, pursuant to USSG § 5G1.1(c)(2) (PSI ¶ 112).

The district court's judgment sentenced Saldana "to be imprisoned for a term of the defendant's life" (DE:473:2).

7

3.    **Standard of Review**

A district court's determination of whether it has the authority to grant a sentence reduction pursuant to § 404 of the First Step Act is reviewed de novo. *United States v. Jones et al.*, 962 F.3d 1290, 1296 (11th Cir. 2020), *cert. denied*, __S. Ct.__, 2021 WL 1951888 (2021).

## Summary of the Argument

Section 404 of the First Step Act authorized the district court to consider reducing Saldana's sentence for his covered crack offenses as if the Fair Sentencing Act's amended statutory penalties applied. With the benefit of this Court's decision in *Jones*, clarifying that determinations of a defendant's statutory penalties under the Fair Sentencing Act are bound by facts that could have been used to determine his original statutory penalties, the government agrees that the district court's conclusion that it had no authority to reduce Saldana's sentence was erroneous.

Because his case was still pending on direct appeal when the Supreme Court held in *Apprendi v. New Jersey* that facts increasing a defendant's statutory minimum sentence must be charged and proven beyond a reasonable doubt, Saldana is entitled to have his statutory penalties determined on that basis. Because Saldana did not plead to any stipulated drug amount, his indictment and the jury's verdict only established that his drug offenses involved a "detectable amount" of crack, which can only trigger the statutory penalties in 21 U.S.C. § 841(b)(1)(C).

8

Rather than the enhanced statutory life terms originally triggered by the sentencing judge's crack amount findings, Saldana would now face enhanced zero-to-30-year imprisonment terms for his drug counts. Because Saldana is not already serving the lowest statutory sentence available under the Fair Sentencing Act, the district court had authority to consider reducing Saldana's sentence within the new zero-to-30-year range. Though it had the authority to grant a reduction, it still remains within the district court's discretion whether to grant any reduction.

A remand is therefore required to allow the district court to consider in the first instance whether any reduction is warranted in light of the nature and circumstances of Saldana's offenses and other appropriate statutory sentencing factors and recognizing that Saldana's statutory mandatory consecutive sentences for his for his 18 U.S.C § 924(c) use-of-a-firearm offenses (Counts 7 and 19) would not be affected.

**Argument**

**Saldana is Not Already Serving the Lowest Statutory Sentence Triggered by His Covered Crack Offenses, and Remand is Necessary to Allow the District Court to Consider Whether to Reduce His Crack-Related Sentences in Consideration of the Relevant Sentencing Factors.**

Section 404 of the First Step Act "permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed.'" *United States v. Jones et al.*, 962 F.3d 1290, 1297 (11th Cir. 2020) (quoting First Step Act § 404(b)), *cert. denied*, __S. Ct.__, 2021 WL 1951888 (2021).[2] A covered offense, eligible to be considered for discretionary § 404 relief, is one that had "as an element the quantity of crack cocaine provided" in 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii). *Jones et al.*, 962 F.3d at 1298. *See Terry v. United States*, 141 S. Ct. 1858, 1864 (2021) ("§ 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses").

Saldana's crack offenses in Counts 1, 4, 12, 13, 15, and 18 are all covered offenses, because they were sentenced pursuant to the crack quantity thresholds in 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii) (PSI ¶ 109). *Jones et al.*, 962 F.3d at 1298.

Saldana's 21 U.S.C. § 848 continuing criminal enterprise offense (Count 21), his 18 U.S.C § 924(c) use-of-a-firearm offenses (Counts 7 and 19), and his 18 U.S.C.

---

[2] *See* Fair Sentencing Act of 2010, §§ 2 & 3, Pub. L. No. 111-220, 124 Stat. 2372.

10

§ 922(g) felon-in-possession offenses (Counts 5, 20) are not covered offenses. None included as an element the crack amounts in §§ 841(b)(1)(A)(iii) or (B)(iii) modified by section 2 of the Fair Sentencing Act. *See Jones et al.*, 962 F.3d at 1298. The district court's determination that Saldana was ineligible to be considered for § 404 relief remains correct under this Court's precedent as to those counts.

This Court has held that a district court considering a defendant's § 404 motion "is not free … to change the defendant's sentences on counts that are not 'covered offenses.'" *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020). Acknowledging that *Denson* is binding authority within this Circuit, the government has nevertheless argued in other jurisdictions that a district court would have § 404 authority to reduce concurrent sentences for non-covered offenses if the sentences for those offenses were affected by modifications to the statutory penalties for the crack offense as a result of the guideline grouping rules.[3]

Saldana's 21 U.S.C. § 848 continuing criminal enterprise offense (Count 21) and his 18 U.S.C. § 922(g) felon-in-possession offenses (Counts 5, 20) were grouped with his crack cocaine offenses for calculation of his guideline offense level (PSI ¶¶ 42-43). Saldana's 18 U.S.C § 924(c) use-of-a-firearm offenses (Counts 7 and 19) were not grouped with his crack offenses, and the statutory mandatory consecutive

---

[3] *See* U.S.S.G. §§ 3D1.1-3D1.5; *United States v. Mazzini*, 487 F. Supp. 3d 1170, 1179 (D.N.M. 2020) (acknowledging the government's position).

sentences for those counts would not be affected by any modification to the statutory penalties for his crack offenses.

Because this matter was addressed by the parties below before this Court issued its decision in *Jones*, the parties and the district court did not have the benefit of this Court's guidance in determining what relief was available for Saldana. In *Jones*, this Court clarified that in calculating what a movant's statutory penalties would be as if the Fair Sentencing Act's modifications to §§ 841(b)(1)(A)(iii) and (B)(iii) were in effect, the court "is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Jones et al.*, 962 F.3d at 1303.

Saldana's original conviction and sentence were still pending on direct appeal when the Supreme Court issued its *Apprendi* decision, holding that any fact that increases a defendant's mandatory minimum penalty must be charged in an indictment and proven beyond a reasonable doubt. In supplemental briefing at the time, in the multi-defendant appeals by Saldana and his co-conspirators, the government conceded that *Apprendi* applied to the pending cases but argued that any error in the calculation of their statutory sentences did not affect their substantial rights under a plain error analysis. *See* Supplemental Brief for the United States, 2000 WL 34015721, at \*5-6 (Sept. 25, 2000).[4] This Court affirmed Saldana's and

---

[4] *See United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005) (recognizing

his co-defendants' convictions and sentences (DE:660). *See United States v. Velez et al.*, 234 F.3d 709 (11th Cir. 2000) (table).

However, in applying *Jones's* holding that a court considering a § 404 First Step Act motion "is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time," *Jones et al.*, 962 F.3d at 1303, this Court recognizes that "pre-*Apprendi* traffickers are bound by judge-found drug quantities, while post-*Apprendi* traffickers receive the benefit" of the Supreme Court's change in sentencing law. *See United States v. Jackson*, 995 F.3d 1308, 1311 (11th Cir. 2021) (Pryor, C.J., respecting denial of rehearing en banc).

In this case, because Saldana receives the benefit of the post-*Apprendi* sentencing scheme, his case is bound by the "detectable amount" of crack charged in the superseding indictment and established beyond a reasonable doubt in the jury's verdict, in determining his statutory penalties under the Fair Sentencing Act's amended thresholds. *See Apprendi*, 530 U.S. at 490. This means that the statutory penalties for his Count 1, 4, 12, 13, 15, and 18 crack offenses, originally calculated pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii), are now all governed by § 841(b)(1)(C)'s enhanced zero-to-30-year imprisonment range.

---

that plain error review applied to unpreserved claims *Apprendi* claims raised in appeals still pending when *Apprendi* was decided).

Saldana was originally sentenced to life imprisonment and has not already "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Jones et al.*, 962 F.3d at 1303. The district court therefore had authority to consider reducing Saldana's sentences for his covered offenses within the new zero-to-30-year range.

However, "the fact that [a movant] is eligible for a sentence reduction under the First Step Act does not mean that he is entitled to one." *United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020). "While the First Step Act expressly permits a district court to reduce an eligible defendant's sentence for a covered offense, the district court is 'not required to do so.'" *United States v. Stevens*, 997 F.3d 1307, 1314 (11th Cir. 2021) (quoting *Jones et al.*, 962 F.3d at 1304). "A district court has 'wide latitude to determine whether and how to exercise [its] discretion in this context.'" *Id.*

This case should be remanded to the district court to allow it to determine in the first instance whether to exercise its discretion under § 404(c) of the First Step Act to reduce Saldana's sentence, in consideration of the nature and circumstances of Saldana's offenses and other appropriate 18 U.S.C. § 3553(a) sentencing factors and recognizing that the mandatory consecutive sentences for his 18 U.S.C § 924(c) use-of-a-firearm offenses (Counts 7 and 19) would not be affected.

14

## Conclusion

For the foregoing reasons, the district court's order denying Saldana's § 404

First Step Act motion should be vacated and this case remanded for further

consideration of Saldana's motion.

Respectfully submitted,

Juan Antonio Gonzalez
Acting United States Attorney

By:    s/ Jonathan D. Colan
Jonathan D. Colan
Assistant United States Attorney
99 N.E. 4th Street, #517
Miami, FL 33132
(305) 961-9383
Jonathan.Colan@usdoj.gov

Emily M. Smachetti
Chief, Appellate Division

Andrea G. Hoffman
Assistant United States Attorney

Of Counsel

15

## Certificate of Compliance

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-based typeface using Microsoft Word 2016, 14-point Times New Roman.

## Certificate of Service

I hereby certify that four copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 19th day of August 2021, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on Assistant Federal Public Defender Tracy Dreispul.

s/ Jonathan D. Colan
Jonathan D. Colan
Assistant United States Attorney

*jp*

16